IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00183-CR

     BRIAN ALLEN CARTER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 252nd District Court
Jefferson County, Texas
Trial Court # 63667
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Brian Allen Carter appeals the trial court’s denial of his motion for postconviction DNA
testing under Chapter 64 of the Code of Criminal Procedure of crime scene evidence from the
1992 murder of Elvira Waddell Gonzales. See Tex. Code Crim. Proc. Ann. arts. 64.01-.05
(Vernon Supp. 2004). Carter did not show by a preponderance of the evidence that a
reasonable probability exists that exculpatory DNA tests would prove his innocence. 
Therefore, we will affirm.
 
BACKGROUND
      On December 12, 1994, Brian Allen Carter pled guilty to murder with a deadly weapon



and was sentenced to fifty years’ imprisonment, pursuant to a plea bargain agreement. He
appealed the trial court’s denial of his motion to suppress his confession. The court of appeals
affirmed and the Court of Criminal Appeals refused Carter’s petition for discretionary review.
At the time of his plea, Carter was aware that Type B and Type O blood had been found at the
crime scene and that he and Wheeler, his co-conspirator, both had Type A blood. Carter also
knew that hair found in the victim’s hand was microscopically dissimilar to Carter’s.
      On June 8, 2001, Carter filed his Pro Se Motion for DNA testing under Chapter 64 of the
Code of Criminal Procedure. In his affidavit, Carter asserts that “DNA testing will prove his
innocence and implicate Mr. Robert Troy Wheeler . . . .” Robert C. Benjamin, an Associate
Professor of Biological Sciences at the University of North Texas, reviewed information
provided to him regarding the crime and recommended DNA testing of the butcher knife used
to murder Waddell, noting that because there is some evidence of a struggle, the murderer may
also have been cut. He also recommended reexamining the remaining four pieces of
evidence—a credit union receipt, a baby’s shirt, pieces of a yellow coffee cup, and a woman’s
purse—for the presence of DNA-testable material. The trial court initially ordered DNA
testing on all five items. But after the State filed a motion for reconsideration, the court held
another hearing on May 10, 2002, and withdrew its previous order for DNA testing and denied
Carter’s request. It is from this denial that Carter appeals.
DNA TESTING
      Article 64.03 permits a court to order DNA testing if the movant establishes by a
preponderance of the evidence that "a reasonable probability exists that the person would not
have been prosecuted or convicted if exculpatory results had been obtained through DNA
testing." The movant must also establish that: (1) evidence still exists which can be subjected
to DNA testing; (2) the evidence has been subjected to a chain of custody sufficient to establish
it has not been tampered with; (3) identity was or is an issue in the case; and (4) the request for
DNA testing "is not made to unreasonably delay the execution of sentence or administration of
justice." Id. art. 64.03(a)(2)(A).
      In a postconviction DNA appeal, we use a bifurcated standard of review. Rivera v. State,
89 S.W.3d 55, 59 ( Tex. Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997)). Thus, "we afford almost total deference to a trial court's determination of
issues of historical fact and application-of-law-to-fact issues that turn on credibility and
demeanor, while we review de novo other application-of-law-to-fact issues." Id. Under this
standard, we review de novo "the ultimate question of whether a reasonable probability exists
that exculpatory DNA tests would prove innocence." Id.
      The Court of Criminal Appeals concluded in its first appeal under Chapter 64 that a
movant need not establish actual innocence to obtain DNA testing. Kutzner v. State, 75
S.W.3d 427, 438-39 (Tex. Crim. App. 2002). As the Court stated, Chapter 64 "does not . . .
require convicted persons to prove their innocence before a convicting court may order DNA
testing under Article 64.03. It merely requires convicted persons to show a reasonable
probability exists that exculpatory DNA tests would prove their innocence." Id. (footnote
omitted). A movant does not satisfy this requirement however if exculpatory test results
"would merely muddy the waters." Id. at 439.
      Texas courts have consistently held that a movant does not satisfy his burden under article
64.03 if the record contains other substantial evidence of guilt independent of that for which
the movant seeks DNA testing. See Whitaker v. State, 2004 WL 63981, *3 (Tex. Crim. App.
Jan. 14, 2004); Skinner v. State, 122 S.W.3d 808, 811 (Tex. Crim. App. 2003); Rivera, 89
S.W.3d at 60; Kutzner, 75 S.W.3d at 437-39; Torres v. State, 104 S.W.3d 638, 640-41 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref'd); In re Fain, 83 S.W.3d 885, 889 (Tex.
App.—Austin 2002, no pet.).
ANALYSIS
      The record contains affidavits from two witnesses who heard about the murder from Troy
Wheeler. Their statements implicate both Wheeler and Carter and closely match Carter’s
confession, which is in the record. The record also contains numerous photos of the blood-soaked crime scene, including a particularly graphic snapshot of the victim with a butcher knife
buried deeply in her back. At the hearing and in affidavits and pleadings, Carter requested
testing and asserted that such testing would reveal Wheeler’s DNA, notwithstanding the facts
that only Type O and Type B blood were found at the crime scene and Wheeler had Type A
blood. Moreover, in this case, the absence of Carter’s DNA on the knife and other items of
evidence would not necessarily show him to be guiltless. Finally, Carter points to the
dissimilarity between his hair and the hair sample recovered from the victim’s hand, a fact
known to him at the time he pled guilty. But Carter’s confession reveals that prior to driving
to her house to commit the murder, he donned a fake beard and Wheeler disguised himself
with a fake mustache.
      Because the record contains substantial evidence of guilt independent of that for which
Carter sought DNA testing, we find no error in the trial court’s denial of his request. See id. 
We overrule Carter’s only issue.
CONCLUSION
      Having overruled Carter’s only issue, we affirm the order denying DNA testing.


 
BILL VANCE
                                                                   Justice


Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed March 17, 2004
Publish

[CRPM]