IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00147-CR

 

Milton Louis Williams,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Robertson County, Texas

Trial Court # 95-06-15773-CR

 



MEMORANDUM Opinion



 








      Williams
was convicted of aggravated assault with a deadly weapon, namely a
revolver.  See Tex. Penal Code Ann.
§ 22.02(a)(2) (Vernon Supp. 2004-2005).  Williams appeals the trial court’s denial of
his motion for forensic DNA testing.  See Tex.
Code Crim. Proc. Ann. arts. 64.01-64.05 (Vernon Supp. 2004-2005).  We will affirm.

      In
his sole issue, Williams contends that the trial court erred in not finding
that “identity was or is an issue in the case.” 
See Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B).  In reviewing the trial court’s decision on a
motion for DNA testing, appellate courts must “afford almost total deference to
a trial court’s determination of issues of historical fact and
application-of-law-to-fact issues that turn on credibility and demeanor,” and
“review de novo other
application-of-law-to-fact issues.”  Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002); see Skinner v. State, 122
S.W.3d 808, 811 (Tex. Crim. App. 2003). 
“[A] movant does not satisfy his burden under article 64.03 if the
record contains other substantial evidence of guilt independent of that for
which the movant seeks DNA testing.”  Carter v. State, 134 S.W.3d 484, 486
(Tex. App.—Waco 2004, pet. ref’d).  

      Williams’
counsel offered the testimony of the arresting officer that Williams spontaneously
said that he shot the victim, and gave the officer the revolver he used; and
gave a written statement to the same effect. 
The trial court heard no contradicting evidence.  Williams’ counsel argued that the revolver
should be tested for DNA evidence because Williams was illiterate and unable to
give a written statement.  The trial
court did not abuse its discretion in not finding that identity was an issue in
the case.  We overrule Williams’ issue.

      We
affirm the judgment.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

      (Justice
Vance concurring with note)*

Affirmed

Memorandum opinion delivered and filed April 13,
 2005

Do not publish

[CR25]

      *  “(Justice Vance concurs in the judgment with a
note: I do not join this opinion because it does not discuss Williams’s
contention that the statute allows testing if “identity was or is an issue in the case.”  He argues that identity is now an issue, even
if it was not at trial.)”

 






e trial court
surprisingly filed with us its “motion for reconsideration,” asking us to
reconsider the issue and to withdraw our opinion.  The trial court wrote: 
“Children, through their parents or guardians, are regularly subpoenaed to
attend family law matters in this Court.  If the parent shows up without the
child, this Court sends them to get the child. . . .  The issue between Mr.
Taylor and the Court was [his] wanting the Court to require the children’s
attendance without [their] first being subpoenaed through their mother.”  Nothing
else was filed.  The trial court’s “motion” in this appeal—whether an “unusual
procedure” or “dangerous precedent”—resulted in the withdrawal of our opinion.

 

The trial court’s practice of allowing parties
in family law cases to unilaterally subpoena children through a parent or
guardian begs the question in this appeal because no applicable civil statute,
rule, or case law specifically authorizes that practice.  I do not condemn what
may be the trial court’s reliance on criminal or juvenile procedure in allowing
this practice; indeed, those procedures also support the relief Richard’s
motion requested.  But I cannot condone the trial court’s failure to
communicate this practice to Richard when it denied his motion.  There is no
indication that Richard was put on notice of the trial court’s practice (a
practice that does not square with the lead opinion’s conclusion that a child
should be personally served with a subpoena in a civil matter).  If Richard had
been so notified, is there any doubt that he would have attempted to have a
subpoena served on Valerie directing her to bring the children to the hearing? 
Richard now knows what he should have done in this particular trial court
to ensure his children’s attendance, but that knowledge comes too late.  One
would reasonably expect adequate notice—especially to an imprisoned pro se
litigant—by the trial court of an unwritten practice specific to this court. 
This due-process concern is amplified by my belief that retroactive application
of either the lead or concurring opinion on this novel issue of first
impression produces a substantial inequitable result in this appeal.  See
Jones v. Clarksville ISD, 46 S.W.3d 467, 472-73 (Tex. App.—Texarkana 2001,
no pet.) (discussing factors to determine exception to retroactivity).  Not
ironically, Richard’s second and third issues are briefed under the heading
“Denial of Right to Due Process.”

 





    [7]       Allowing
or encouraging parties—especially those in child-custody disputes—to
unilaterally have children personally served with subpoenas is, in addition to
being legally questionable, also an unnecessary invitation to abuse the system
in a way that does not protect children.  Until Rule 176 is amended to provide
for serving a person having custody, care, or control of the child with a
subpoena to produce the child in court, a motion-and-order procedure to compel
a child’s attendance at a parent-child related hearing better protects the
child from the milieu of the legal dispute and deters abuse.  The lead opinion
unfortunately paves the way for abuse; and even in the absence of abuse, the
thought of a process server serving a subpoena on a first grader walking up to
an elementary school should give one pause.

 





    [8]       An
attorney can issue a subpoena.  See Tex.
R. Civ. P. 176.4(b).  Richard, an imprisoned pro se litigant, is not an
attorney.

 





    [9]       The
concurring opinion approves of the trial court’s subpoena duces tecum practice
for civil cases (and apparently of the trial court’s failure to notify
litigants like Richard that this practice must be employed to obtain the
presence of child witnesses), yet it inexplicably fails to address why
Richard’s motion-and-order procedure was deficient or inadequate and why
the trial court did not err or abuse its discretion in denying the motion
without notifying Richard of the practice employed in this trial court. 
Contrary to that view about how we should review Richard’s motion and the trial
court’s ruling thereon, I believe that in reviewing a trial court’s ruling on a
motion to determine whether or not the trial court abused its discretion, an
appellate court must, as a part of its review of the ruling, examine the
substance and adequacy of the motion at issue in light of the applicable law,
standard of review, and any special circumstances.

 





    [10]      The
concurring opinion’s statement that the trial court did not abuse its
discretion in refusing to make Valerie bring the children to the hearing to
testify is conclusory, asserting only that trial courts have wide discretion, that
Richard’s motion was not “common or routine,” and that the trial court did not
abuse its discretion.  But if a trial court does not have discretion to refuse
to permit a child to testify in a custody proceeding, see Callicott,
364 S.W.2d at 457-58, it only follows that a trial court does not have
discretion to refuse to compel a child’s attendance to testify at a custody
proceeding when the obvious effect of that refusal is to exclude the child as a
witness.

 





    [11]      I
have decided not to address the personalized comments in the concurring
opinion.  The reader will be the judge of whether any of them have merit.