John Kennedy Logsdon v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-046-CR

NO. 2-06-060-CR

JOHN KENNEDY LOGSDON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On March 11, 1999, in each case, Appellant John Kennedy Logsdon entered an open plea of guilty before the jury to the offense of aggravated sexual assault of a child under fourteen years of age.  The jury assessed his punishment at sixty years’ confinement in the Institutional Division of the Texas Department of Criminal Justice in each case.  In March 2005, Appellant filed a motion for DNA testing in each case.  The trial court denied the motions in January 2006, and Appellant appeals from those denials.  Because we hold that the trial court properly denied the motions, we affirm the trial court’s orders.

In one point, Appellant contends that the trial court improperly considered his guilty plea in denying his requests for DNA testing.  Article 64.03 of the Texas Code of Criminal Procedure provides, among other things, that “[a] convicted person who pleaded guilty or nolo contendere in the case may submit a motion under this chapter, and the convicting court is prohibited from finding that identity was not an issue in the case solely on the basis of that plea.”
(footnote: 2)  As the State points out, in the case involving R.D., Appellant did not just plead guilty; he gave a written statement substantiating his guilt, which the State attached to its response to Appellant’s motion for DNA testing.  That is, Appellant confessed that he rubbed his penis on R.D.’s sexual organ.  Appellant did not challenge the validity of his confession on direct appeal.
(footnote: 3)  We hold that the trial court properly took Appellant’s confession into consideration as evidence of the identity of the perpetrator.
(footnote: 4)  We therefore also hold that the trial court did not improperly consider Appellant’s guilty plea in denying his motion for DNA testing in the case involving R.D.

Further, regarding both cases, the trial court found that the Fort Worth Police Department Property Room never possessed any evidence related to Appellant’s cases and that none of the evidence held by the Tarrant County District Clerk’s Office contains biological material for purposes of DNA testing.  The trial court therefore concluded that no evidence exists in a condition making DNA testing possible.  A trial court may order postconviction forensic DNA testing only if it first finds that evidence still exists in a condition making DNA testing possible.
(footnote: 5)  Because the trial court found that evidence does not exist to be tested, the trial court properly denied the motions.
(footnote: 6)  We overrule Appellant’s sole point and affirm the trial court’s orders.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 8, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Code Crim. Proc. Ann.
 art. 64.03(b) (Vernon Supp. 2005).

3:
See Logsdon v. State
, No. 02-99-094-CR, slip op. at 1-2 (Tex. App.—Fort Worth 1999, no pet.) (not designated for publication).

4:
See Rivera v. State
,
 
89 S.W.3d 55, 60 (Tex. Crim. App. 2002);
 
Carter v. State
, 134 S.W.3d 484, 486 (Tex. App.—Waco 2004, no pet.).

5:
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(A)(i) (Vernon Supp. 2005).

6:
See id.