COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-046-CR

NO. 2-06-060-CR

 

 

JOHN KENNEDY LOGSDON                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On March 11, 1999, in each case,
Appellant John Kennedy Logsdon entered an open plea of guilty before the jury
to the offense of aggravated sexual assault of a child under fourteen years of
age.  The jury assessed his punishment at
sixty years= confinement
in the Institutional Division of the Texas Department of Criminal Justice in
each case.  In March 2005, Appellant
filed a motion for DNA testing in each case. 
The trial court denied the motions in January 2006, and Appellant
appeals from those denials.  Because we
hold that the trial court properly denied the motions, we affirm the trial
court=s orders.








In one point, Appellant
contends that the trial court improperly considered his guilty plea in denying
his requests for DNA testing.  Article
64.03 of the Texas Code of Criminal Procedure provides, among other things,
that A[a] convicted person who pleaded guilty or nolo contendere in the case
may submit a motion under this chapter, and the convicting court is prohibited
from finding that identity was not an issue in the case solely on the basis of
that plea.@[2]  As the State points out, in
the case involving R.D., Appellant did not just plead guilty; he gave a written
statement substantiating his guilt, which the State attached to its response to
Appellant=s motion for
DNA testing.  That is, Appellant
confessed that he rubbed his penis on R.D.=s sexual organ.  Appellant did
not challenge the validity of his confession on direct appeal.[3]  We hold that the trial court properly took
Appellant=s confession
into consideration as evidence of the identity of the perpetrator.[4]  We therefore also hold that the trial court
did not improperly consider Appellant=s guilty plea in denying his motion for DNA testing in the case
involving R.D.

Further, regarding both
cases, the trial court found that the Fort Worth Police Department Property
Room never possessed any evidence related to Appellant=s cases and that none of the evidence held by the Tarrant County
District Clerk=s Office
contains biological material for purposes of DNA testing.  The trial court therefore concluded that no
evidence exists in a condition making DNA testing possible.  A trial court may order postconviction
forensic DNA testing only if it first finds that evidence still exists in a
condition making DNA testing possible.[5]  Because the trial court found that evidence
does not exist to be tested, the trial court properly denied the motions.[6]  We overrule Appellant=s sole point and affirm the trial court=s orders.

 

PER CURIAM

PANEL F:    DAUPHINOT, HOLMAN,
and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
 June 8, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Tex. Code
Crim. Proc. Ann. art.
64.03(b) (Vernon Supp. 2005).





[3]See Logsdon v. State, No. 02-99-094-CR, slip op. at 1-2
(Tex. App.CFort Worth 1999, no pet.) (not
designated for publication).





[4]See Rivera v. State, 89 S.W.3d 55, 60 (Tex.
Crim. App. 2002); Carter v. State, 134 S.W.3d 484, 486 (Tex. App.CWaco 2004, no pet.).





[5]Tex. Code
Crim. Proc. Ann. art.
64.03(a)(1)(A)(i) (Vernon Supp. 2005).





[6]See id.