COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-100-CR

 

 

TERENCE DENNIS O=REGAN                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In one point, Appellant
Terence Dennis O=Regan
contends that the trial court erred by denying Appellant=s postconviction request for DNA testing based on Appellant=s guilty plea and confession to the offense of murdering his
wife.  Article 64.03 of the Texas Code of
Criminal Procedure provides, among other things, that A[a] convicted person who pleaded guilty or nolo contendere in the case
may submit a motion under this chapter, and the convicting court is prohibited
from finding that identity was not an issue in the case solely on the basis of
that plea.@[2]  We know of no law, however,
nor does Appellant point to any, that prevents the trial court from considering
a judicial confession in ruling on a motion for DNA testing.[3]  Further, Appellant=s motion, unsupported by an affidavit, just presented a bland request
for ADNA testing on biological materials related to his case that are
currently in the possession of the State or the State=s agents,@ and the
State=s proposed memorandum, findings of fact, and conclusions of law
regarding Appellant=s motion for
DNA testing, which the trial court adopted in denying the motion, do not refer
to the guilty plea or judicial confession.

Instead, the findings of fact
show that

$                  
Appellant and the complainant
were married and shared a home;

$                  
The complainant=s son
saw her in possession of her purse at her home on the night that she was
murdered; 

 

$                  
Appellant had the purse when he surrendered to
law enforcement in Florida;

 








$                  
The complainant=s
body was found covered in a quilted comforter and hidden in a closet in the
couple=s
home;

$                  
Bloody shoe prints found on the comforter matched
the tread of the shoes Appellant wore in Florida;

 

$                  
The blood found on the shoes was matched to the
complainant=s
blood through DNA testing;

 

$                  
Appellant wore a dark blue Armani suit on the
night of the complainant=s
murder;

 

$                  
A dark blue suit matching the description of the
one he wore on the night of the murder was found covered in blood and hidden in
the home of Appellant and the complainant;

 

$                  
The blood on the suit was matched to the
complainant=s
blood through DNA testing; and

 

$                  
Bloody footprints found in the tile entryway of
the home visibly matched prints of Appellant=s feet.

 








The conclusions of law include the conclusion
that Appellant failed to prove by a preponderance of evidence that he would not
have been convicted had exculpatory results been obtained through additional
DNA testing.[4]  Based upon the record before us, we cannot
say that the trial court erred by denying Appellant=s motion for DNA testing.[5]  Accordingly, we overrule his sole point and
affirm the trial court=s order.

 

PER CURIAM

PANEL F:    DAUPHINOT, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 21, 2006











[1]See Tex.
R. App. P. 47.4.





[2]Tex. Code
Crim. Proc. Ann. art.
64.03(b) (Vernon Supp. 2006).





[3]See, e.g., Rivera v. State,
89 S.W.3d 55, 60 (Tex. Crim. App. 2002); Carter v. State, 134 S.W.3d
484, 486 (Tex. App.CWaco 2004, no pet.).





[4]See Tex.
Code Crim. Proc. Ann. art. 64.03(a)(2)(A) (Vernon Supp. 2006) (requiring
movant to establish by a preponderance of the evidence that he Awould not have been convicted if
exculpatory results had been obtained through DNA testing@ before a convicting court may
order DNA testing under Chapter 64).





[5]See Whitaker v. State, 160 S.W.3d 5, 8 (Tex. Crim.
App.), cert. denied, 543 U.S. 864 (2004); Rivera, 89 S.W.3d at 60
(providing bifurcated standard of review for rulings on postconviction DNA
motions).