IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-07-00260-CR,
10-07-00261-CR, 10-07-00262-CR,

10-07-00263-CR, 10-07-00264-CR,
10-07-00265-CR,

10-07-00266-CR, 10-07-00267-CR,
10-07-00268-CR,

10-07-00269-CR and 10-07-00270-CR

 

Karl Keith Noland,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 05-04140-CRF-85,
05-04141-CRF-85,

05-04142-CRF-85, 05-04143-CRF-85,
05-04144-CRF-85,

05-04145-CRF-85, 05-04146-CRF-85,
05-04147-CRF-85,

05-04148-CRF-85, 05-04149-CRF-85,
and 05-04150-CRF-85

 



ABATEMENT ORDER










 

            The legislature has given the trial
court the responsibility and authority to appoint counsel to represent indigent
defendants in criminal proceedings and to relieve appointed counsel of his
duties or replace him with other counsel upon a finding of good cause.  Tex. Code Crim. Proc. Ann. art
26.04(j)(2) (Vernon Supp. 2007); Enriquez v. State, 999 S.W.2d 906, 907
(Tex. App.—Waco 1999, order) (construing predecessor to current statute; see
Acts 1987, 70th Leg., ch 979 § 2, amended by Acts 2001, 77th Leg., ch 906, §
6).  

            The timely disposition of these
proceedings has become stalled.  What follows is a chronicle of events that
have occurred which has led us to this order and is provided to assist the
trial court in making its required determination.

            Eleven trial court cases were tried in
one proceeding against Karl Keith Noland.  A judgment of conviction was
rendered in each trial court case.  A notice of appeal covering all eleven
cases was filed by Noland.  Because a separate judgment was signed in each
trial court case, this Court docketed the notice of appeal for each trial court
case as a separate appellate case, appellate numbers 10-07-00260-CR through 10-07-00270-CR.  This was almost a year ago.  

            The reporter’s record in all eleven
trial court case numbers was received by this Court on November 30, 2007.  The reporter’s record was, however, designated in case management as filed on December 4, 2007 only in appellate numbers 10-07-00264-CR through 10-07-00270-CR, and not in appellate numbers 10-07-00260-CR through 10-07-00263-CR.  The parties were, therefore, notified by this Court only that the
reporter’s record in appellate numbers 10-07-00264-CR through 10-07-00270-CR was filed.  However, the reporter had notified the parties that she was sending
the record in all eleven trial court case numbers to us.

            The filing of the record triggered the
timetable for filing Noland’s brief.  The brief was due on January 3, 2008.  His appointed counsel, David Barron, failed to file a brief.  We sent a notice to
him on January 8 about his failure to file a brief and gave him 14 days to
respond with a brief or other satisfactory response.  The trial court also sent
Barron a letter reminding him that a brief or other satisfactory response was
due in this Court by January 23, 2008.  However, not until two days after the
deadline, on January 25, 2008, did Barron fax a motion for extension of time to
file Noland’s brief to this Court, requesting an extension of 60 days.  When
requesting the extension of time to file his brief, Barron only referred to
appellate numbers 10-07-00264-CR through 10-07-00270-CR, and did not alert the Court as to the lack of an entry of the reporter’s record in numbers 10-07-00260-CR through 10-07-00263-CR.  Barron’s request was granted and the due date for
Noland’s brief was extended to March 3, 2008.  

            In early March of 2008 we discovered
our error of not indicating in our case management system that the reporter’s
record was also filed in 10-07-00260-CR through 10-07-00263-CR; and because there was only one reporter’s record for all eleven cases, the
reporter’s record in appellate numbers 10-07-00260-CR through 10-07-00263-CR was entered into the Court’s case management system as having been received on November 30, 2007 and filed on December 4, 2007.  The parties were notified by letter
dated March 4, 2008 that the record had actually been filed on December 4, 2007.

            By letter dated March 11, 2008, we notified the parties of our error in docketing the filing of the reporter’s record
and informed Barron that a brief for Noland was due 30 days from the date of
the letter, that due date being April 10, in all eleven appellate cases, those
cases being 10-07-00260-CR, 10-07-00261-CR, 10-07-00262-CR, 10-07-00263-CR, 10-07-00264-CR, 10-07-00265-CR, 10-07-00266-CR, 10-07-00267-CR, 10-07-00268-CR, 10-07-00269-CR, and 10-07-00270-CR.  Again, Barron did not file a brief.  We sent Barron another letter, dated
 April 14, 2008, informing him that no briefs had been filed and gave him
another 14 days to file a brief or other satisfactory response.  Again, two
days past the deadline, on April 30, 2008, Barron faxed a motion for extension of time to file a brief in all eleven cases.  He requested another 60 days to
file a brief.  A majority of this Court granted that request and extended the
time to file a brief to June 9, 2008.  Barron never filed a brief in any of the appellate cases.

            We abated the eleven appeals on July 2, 2008 to the trial court to determine why no brief had been filed.  The trial court
held a hearing on August 1, 2008.  By then, the briefs were past due by 53
days.  Barron testified that he improperly calendared the briefs due at 15 days
past the actual due date.  By his accounts, this would have made the briefs due
on June 24.  But Barron made no attempt to file the brief or request an
extension by even this alleged erroneously calculated date.  When asked on August 1, 2008, by the trial judge if Barron had filed a brief, Barron replied, “No, sir. 
I will file it whenever the Court directs me to.”  When asked when he could
have a brief filed, Barron replied “Fourteen days, Your Honor.”  He agreed that
the date would be August 15, 2008.  The trial court then recommended to us that
we grant an extension of time until August 15, 2008 for Barron to file Noland’s briefs.

            We reinstated the appeals, followed
the trial court’s recommendation, and set the brief due date as August 15. 
Once again, Barron has not filed a brief or a request for an extension of time
in any of the eleven appeals.  

            Accordingly, we abate the eleven
appeals to the trial court and instruct the trial court to consider, within 14
days from the date of this order, whether the pattern of failures by Barron to
timely file a brief in any of these eleven appeals is good cause for Barron’s
removal as appointed counsel for Noland, and, if a finding of good cause is
made, remove David Barron as appointed counsel from these appeals and appoint
new counsel to represent Noland in each of his eleven appeals.  Upon taking
such action, the trial court must sign a written order expressly removing David
Barron as appointed counsel and appointing a new attorney to represent Noland. 
The written order must also include the basis for and the finding of good
cause.  Tex. Code Crim. Proc. Ann.
art 26.04(j)(2) (Vernon Supp. 2007).  Further, the order must also contain the
name, mailing address, telephone number, fax number, if any, and State Bar
Identification number of new counsel.  If the trial court determines there is
not good cause to remove Barron, then the trial court must sign a written order
evidencing the same and set a date certain when Noland’s briefs are due,
regardless of whether this Court has yet reinstated the appeals.

            Within 7 days of signing the written
order, the trial court must deliver the order to the trial court clerk who must
prepare a clerk’s record which includes the order and file that record with the
Clerk of this Court within 7 days of receiving the trial court’s order.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed September 10, 2008

Publish






convicting court may order DNA
testing under Article 64.03. It merely requires convicted persons to show a reasonable
probability exists that exculpatory DNA tests would prove their innocence." Id. (footnote
omitted). A movant does not satisfy this requirement however if exculpatory test results
"would merely muddy the waters." Id. at 439.
      Texas courts have consistently held that a movant does not satisfy his burden under article
64.03 if the record contains other substantial evidence of guilt independent of that for which
the movant seeks DNA testing. See Whitaker v. State, 2004 WL 63981, *3 (Tex. Crim. App.
Jan. 14, 2004); Skinner v. State, 122 S.W.3d 808, 811 (Tex. Crim. App. 2003); Rivera, 89
S.W.3d at 60; Kutzner, 75 S.W.3d at 437-39; Torres v. State, 104 S.W.3d 638, 640-41 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref'd); In re Fain, 83 S.W.3d 885, 889 (Tex.
App.—Austin 2002, no pet.).
ANALYSIS
      The record contains affidavits from two witnesses who heard about the murder from Troy
Wheeler. Their statements implicate both Wheeler and Carter and closely match Carter’s
confession, which is in the record. The record also contains numerous photos of the blood-soaked crime scene, including a particularly graphic snapshot of the victim with a butcher knife
buried deeply in her back. At the hearing and in affidavits and pleadings, Carter requested
testing and asserted that such testing would reveal Wheeler’s DNA, notwithstanding the facts
that only Type O and Type B blood were found at the crime scene and Wheeler had Type A
blood. Moreover, in this case, the absence of Carter’s DNA on the knife and other items of
evidence would not necessarily show him to be guiltless. Finally, Carter points to the
dissimilarity between his hair and the hair sample recovered from the victim’s hand, a fact
known to him at the time he pled guilty. But Carter’s confession reveals that prior to driving
to her house to commit the murder, he donned a fake beard and Wheeler disguised himself
with a fake mustache.
      Because the record contains substantial evidence of guilt independent of that for which
Carter sought DNA testing, we find no error in the trial court’s denial of his request. See id. 
We overrule Carter’s only issue.
CONCLUSION
      Having overruled Carter’s only issue, we affirm the order denying DNA testing.


 
BILL VANCE
                                                                   Justice


Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Affirmed
Opinion delivered and filed March 17, 2004
Publish

[CRPM]