# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00011-CR

### In re Roger Eugene Fain

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT**
**NO. 95-112-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING**

Roger Eugene Fain is serving a life sentence for murder.[1]  Fain filed a pro se motion for forensic DNA testing of biological evidence.  *See* Tex. Code Crim. Proc. Ann. art. 64.01(a) (West Supp. 2002).  The district court appointed an attorney to represent Fain after the motion was filed although there is no indication that Fain requested counsel.  *See id*. art. 64.01(c).  After the State filed its response to the motion, the court heard arguments from counsel for both parties.  At the conclusion of the hearing, the court denied the motion for DNA testing with written findings of fact and conclusions of law.  Fain appeals the denial of testing.  He represents himself, having waived his right to counsel on appeal.  We will affirm the district court=s order.

In point of error two, Fain complains that the State=s response to his motion contained several misstatements of fact.  Several of these alleged misstatements are merely arguments or inferences with which Fain disagrees.  Actual statements of fact in the State=s response challenged by Fain are

---

[1]  Appellant=s conviction was affirmed by this Court.  *Fain v. State*, 986 S.W.2d 666 (Tex. App.**C**Austin 1998, pet. ref=d).

supported by the record on appeal from the original conviction.  *See Kutzner v. State*, No. 74,135, slip op. at 14, 2002 Tex. Crim. App. LEXIS 81, at *22 (Tex. Crim. App. Apr. 10, 2002) (discussing trial evidence in disposing of appeal from order denying DNA testing).  Fain also alleges in this point of error that the State denied him due process of law by failing to disclose exculpatory evidence prior to his trial.  Whatever the merit of this contention, it is outside the scope of this Chapter 64 proceeding.  We overrule point of error two.

The State=s response to Fain=s motion for DNA testing contained several appendices, one of which was an affidavit from Fain=s trial counsel.  Counsel submitted the affidavit after the district court granted the State=s motion to compel him to disclose information relevant to Fain=s motion.  In point of error one, Fain urges that counsel=s affidavit contains statements that are not relevant to the DNA testing issue.  A reading of the affidavit discloses, however, that the challenged statements were either relevant to the issue or were matters of record.  There was no violation of the court=s order that trial counsel not disclose any matter Athat might go to the guilt or innocence of this defendant in this case or in any other case.@  Fain devotes most of his argument under point of error one to an attack on counsel=s effectiveness at his trial.  Once again, this is irrelevant to the question of whether he was entitled to the requested DNA testing.  We overrule point of error one.

Fain=s third point of error complains that the attorney appointed to represent him below was not given adequate time to prepare.  Fain=s pro se motion for testing was filed on August 21, 2001.  The State filed its written response to the motion on November 29, and the court heard arguments the next day.  At the hearing, counsel orally requested additional time to prepare, noting that he had been appointed

**2**

approximately three weeks earlier but had received the State=s response only the night before. Counsel also indicated that he wanted more time to study the trial record. The request for continuance was denied.

A request for a continuance is addressed to the sound discretion of the court. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). To find an abuse of discretion, there must be a showing of prejudice resulting from counsel=s inadequate preparation time. *Id.* Chapter 64 does not expressly require a hearing before the court determines whether to order DNA testing, but appears to contemplate that the decision will be made on the basis of the applicant=s motion and supporting affidavit and the State=s written response. *See* Tex. Code Crim. Proc. Ann. art. 64.03 (West Supp. 2002).[2] The trial court did not hear testimony at the November 30 hearing; the hearing was limited to the consideration of Fain=s motion and the State=s response, and to the arguments of counsel. Nothing in the record indicates that Fain=s counsel was unfamiliar with the motion or the response. To the contrary, counsel ably responded to the State=s arguments and effectively advanced his arguments in support of testing. Absent any showing of prejudice, we find no abuse of discretion in the denial of the requested continuance. We overrule point of error three.

---

[2] If the court orders DNA testing, it is required to conduct a hearing after obtaining the results to determine if the results are favorable to the applicant. Tex. Code Crim. Proc. Ann. art. 64.04 (West Supp. 2002).

Finally, Fain contends the district court erred by denying his motion for DNA testing. Fain=s motion noted that some, but not all, of the biological material gathered by the State during its investigation of the murder was subjected to DNA testing. The results of the tests did not serve to connect Fain to the offense.[3] In his motion, Fain requested DNA testing of biological material not previously tested. Among the items he asked to be tested were hair samples found in the victim=s car, on the victim=s body, and on the fence surrounding the field in which the victim=s body was found.

A convicted person may request forensic DNA testing of evidence that was in the possession of the State at the time of trial but was not subjected to DNA testing through no fault of the convicted person, for reasons that are of a nature such that the interests of justice require the testing. *See id*. art. 64.01(b)(1)(B). The district court made the following findings of fact relevant to the question whether Fain bore any responsibility for the failure to conduct DNA tests on the evidence he now sought to have tested:

3. Movant was informed by his attorney of the existence of DNA testing and was fully aware that DNA testing was possible with regard to the evidence collected in the case.

4. Movant and his attorney discussed DNA testing, and movant and his attorney allowed the state to offer into evidence DNA test results which did not link movant to the crime scene, and which his attorney viewed as helpful to the defense.

---

[3] The State=s response indicates that biological material was gathered from Fain=s residence, Fain=s pickup truck, the victim=s residence, the victim=s car, the victim=s body, and the field where the body was found. Of the items tested, Fain=s DNA was found only on cigarette butts taken from his residence and his truck.

5. Movant or his attorney did not request any additional DNA testing of any items of evidence collected by the state, including the items for which testing is now requested, even though such testing was available. Movant and his attorney, as a tactical matter, decided not to seek additional DNA testing in light of the DNA testing done by the state which failed to link movant to the crime.

. . .

7. Movant is at fault for the failure to seek DNA testing of the items for which testing is now requested.

These findings are supported by statements made in the affidavit of Fain=s trial counsel attached as an appendix to the State=s response. In the affidavit, counsel states that he was given Amore discovery in the case than I would have been entitled to under the criminal discovery rules,@ that he Ahad the opportunity to actually view the physical evidence before the trial and was provided with copies of the laboratory reports related to the testing, both DNA and otherwise,@ that he Adiscussed the results of the testing with [Fain] and we wanted that evidence to come in during the trial because it showed the lack of any DNA evidence connecting the defendant to the crime,@ and that A[t]he decision not to request any additional testing was part of our trial strategy.@

To be entitled to forensic DNA testing, the convicted person must establish by a preponderance of the evidence that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. *Id.* art. 64.03(a)(2)(A). This means the convicted person must show that a reasonable probability exists that exculpatory DNA tests will prove his innocence. *Kutzner*, at slip op. 18, at LEXIS *29. The district court properly concluded that Fain did not meet this burden. Fain=s motion for testing did not contain any factual allegations that, if true, would demonstrate a reasonable probability that

**5**

additional DNA testing would prove exculpatory.[4]  *See In re McBride*, No. 03-01-00437-CR, slip op. at 3, 2002 Tex. App. LEXIS 1878, at *4 (Tex. App.—Austin Mar. 14, 2002, no pet.).  Further, the victim=s body was in a field for over a month before it was discovered and her car, which was found parked nearby, had been burglarized.  Under the circumstances, the presence of biological material on or near the victim=s body or in her car that could not be matched to Fain by DNA testing was not exculpatory.  In fact, the jury at Fain=s trial was told that DNA tests did not connect him to the murder.  The jury nevertheless convicted Fain on the basis of a web of circumstantial evidence so strong that he did not contest the sufficiency of the evidence on appeal.  *See Fain v. State*, 986 S.W.2d 666, 676-78 (Tex. App.—Austin, pet. ref=d) (summarizing evidence).

For the reasons stated, we hold that the district court did not err by refusing to order the requested forensic DNA testing.  The court=s order is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:  July 26, 2002

---

[4]  Fain=s motion was not supported by an affidavit.  *See* Tex. Code Crim. Proc. Ann. art. 64.01(a) (West Supp. 2002).  Fain did, however, affirm that all the factual allegations contained in the motion were true.  *See* Tex. Civ. Prac. & Rem. Code Ann. '' 132.001-.003 (West 1997) (unsworn declarations by inmates).

**6**

Publish