

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-149-CV

IN RE SADIQ ADELEKE                                  RELATOR

------------

## ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

The court has considered Relator Sadiq Adeleke's petition for writ of mandamus and is of the opinion that relief should be denied.

To the extent that Relator complains of matters pertaining to his final conviction, the Texas Court of Criminal Appeals has exclusive jurisdiction. *See Board of Pardons & Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App.1995); *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (stating that courts of appeal have no jurisdiction over post-conviction writs of habeas corpus in felony cases); *see also* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2008).

---

[1] *See* Tex. R. App. P. 47.4.

To the extent that Relator complains of the trial court's failure to conduct a hearing on his motion for DNA testing, Chapter 64 does not expressly require a hearing before the trial court determines whether to order DNA testing; rather it appears to contemplate that the decision may be made on the basis of the applicant's motion and supporting affidavit and the State's written response. *See* Tex. Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2008); *In re Fain*, 83 S.W.3d 885, 888 (Tex. App.—Austin 2002, no pet.). To the extent that Relator complains of the trial court's denial of his motion for DNA testing on December 11, 2008, the denial of a motion for DNA testing is appealable. *See* Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon 2006); *Reger v. State*, 222 S.W.3d 510, 513 (Tex. App.—Fort Worth 2007, pet. ref'd); *Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.). Accordingly, Relator had an adequate remedy by appeal but failed to pursue it.

To the extent that Relator complains of the trial court's failure to conduct a hearing on his motion for new trial, nothing in the record indicates that this motion has been presented to the trial court. Presentment of the motion to the trial court is a prerequisite to mandamus relief. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding) ("Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand

2

for performance, and a refusal."); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) ("Indeed, one can hardly be faulted for doing nothing if he were never aware of the need to act."). Additionally, whether a trial court abuses its discretion by not holding a hearing on a motion for new trial is appealable. *See, e.g., Lemmons v. State*, No. 02-04-00086-CR, 2005 WL 1356270, at *1 (Tex. App.—Fort Worth June 9, 2005, pet. ref'd) (mem. op., not designated for publication) (holding trial court did not abuse discretion by not holding hearing).

Accordingly, Relator's petition for writ of mandamus is denied.

PER CURIAM

PANEL: MCCOY, GARDNER, and WALKER, JJ.
DELIVERED: July 28, 2009

3