COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-144-CR

 

 

TOMMY ANSEL MARKS                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Tommy Ansel Marks appeals from the trial court=s denial
of his motion for post-conviction DNA testing under Chapter 64 of the code of
criminal procedure.  We affirm.








In 2002,
a jury convicted Marks of aggravated sexual assault of a child under fourteen,
and the trial court sentenced him to forty-five years=
confinement.  We affirmed the conviction
and sentence on direct appeal.  See
Marks v. State, No. 02-02-00368-CR, 2003 WL 22311251 (Tex. App.CFort
Worth, Oct. 9, 2003, no pet.) (mem. op., not designated for publication).

The
evidence at trial included the testimony of D.S., who testified that Marks
sexually assaulted her, describing in her testimony the circumstances
surrounding the assault.  The State also
presented DNA evidence and expert testimony concerning the likelihood that
Marks=s DNA
matched the DNA collected from him and D.S. 
DNA testing was performed twice and by two separate laboratories.  First, the Fort Worth Police Department
Forensic Science Laboratory analyzed the biological material evidence in the
case and then, after questions arose about practices at that laboratory, a
second round of testing was conducted by the Forensic Laboratory of the Tarrant
County Chief Medical Examiner.  Marks
concedes that the results from both laboratories were inculpatory.

In 2008,
Marks filed a motion for a third round of DNA testing, which the trial court
denied after finding that Marks did not meet the requirements of Chapter 64 of
the code of criminal procedure.








We apply
a bifurcated standard of review to a trial court=s
decision to deny post-conviction DNA testing. 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).  We defer to the trial court=s
determination of issues of historical fact and issues that turn on credibility
and demeanor, while we review de novo whether the trial court was required to
grant a motion for DNA testing under Chapter 64 of the code of criminal
procedure.  Whitaker v. State, 160
S.W.3d 5, 8 (Tex. Crim. App.), cert. denied, 543 U.S. 864 (2004); Rivera,
89 S.W.3d at 59.

Article
64.01 of the Texas Code of Criminal Procedure provides that a convicted person
may request forensic DNA testing of evidence containing biological
material.  Tex. Code Crim. Proc. Ann.
art. 64.01(a) (Vernon Supp. 2009); Routier v. State, 273 S.W.3d 241, 245
(Tex. Crim. App. 2008).  The motion must
be accompanied by an affidavit, sworn to by the convicted person, containing
statements of fact in support of the motion. 
Tex. Code Crim. Proc. Ann. art. 64.01(a).  To be entitled to testing of biological
material that has been previously tested, the movant must show that the
material

although previously subjected to
DNA testing, can be subjected to testing with newer testing techniques that
provide a reasonable likelihood of results that are more accurate and probative
than the results of the previous test.

 

Tex. Code Crim. Proc. Ann. art.
64.01(b)(2); Routier, 273 S.W.3d at 246.








The
trial court found that Marks did not meet the Chapter 64 requirements.  The record supports this finding.  Marks did not support his motion with an
affidavit as required by Article 64.01(a), nor did he affirm that all factual
allegations in the motion were true.  Cf.
In re Fain, 83 S.W.3d 885, 889 (Tex. App.CAustin
2002, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. '' 132.001B.003
(Vernon 2005 & Supp. 2009) (providing that inmates may substitute unsworn
declarations for statutorily required sworn affidavits)).  And, although Marks asked the trial court to
appoint Identigene, Inc. to perform DNA testing of the previously tested
material, he failed to allege, much less prove, that Identigene, Inc. will
utilize Anewer
testing techniques that provide a reasonable likelihood of results that are
more accurate and probative than the results of the previous test.@  Thus, he did not meet the requirements of
article 64.01(b)(2).  See Routier,
273 S.W.3d at 250.  Because Marks failed
to comply with the statutory requirements of Chapter 64, we hold that the trial
court correctly denied his motion.[2]  Accordingly, we overrule Marks=s sole
issue and affirm the trial court=s denial
of his motion for DNA testing.

 

 

BILL
MEIER

JUSTICE

 

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 18, 2010











[1]See Tex. R. App. P. 47.4.





[2]We note that having found
that Marks failed to satisfy Chapter 64, the trial court lacked jurisdiction to
alternatively allow Marks DNA testing at his own expense.  See State v. Patrick, 86 S.W.3d 592,
595 (Tex. Crim. App. 2002).