

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-144-CR

TOMMY ANSEL MARKS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Tommy Ansel Marks appeals from the trial court's denial of his motion for post-conviction DNA testing under Chapter 64 of the code of criminal procedure. We affirm.

In 2002, a jury convicted Marks of aggravated sexual assault of a child under fourteen, and the trial court sentenced him to forty-five years' confinement. We affirmed the conviction and sentence on direct appeal. *See*

---

[1] *See* Tex. R. App. P. 47.4.

*Marks v. State*, No. 02-02-00368-CR, 2003 WL 22311251 (Tex. App.—Fort Worth, Oct. 9, 2003, no pet.) (mem. op., not designated for publication).

The evidence at trial included the testimony of D.S., who testified that Marks sexually assaulted her, describing in her testimony the circumstances surrounding the assault. The State also presented DNA evidence and expert testimony concerning the likelihood that Marks's DNA matched the DNA collected from him and D.S. DNA testing was performed twice and by two separate laboratories. First, the Fort Worth Police Department Forensic Science Laboratory analyzed the biological material evidence in the case and then, after questions arose about practices at that laboratory, a second round of testing was conducted by the Forensic Laboratory of the Tarrant County Chief Medical Examiner. Marks concedes that the results from both laboratories were inculpatory.

In 2008, Marks filed a motion for a third round of DNA testing, which the trial court denied after finding that Marks did not meet the requirements of Chapter 64 of the code of criminal procedure.

We apply a bifurcated standard of review to a trial court's decision to deny post-conviction DNA testing. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). We defer to the trial court's determination of issues of historical fact and issues that turn on credibility and demeanor, while we review

2

de novo whether the trial court was required to grant a motion for DNA testing under Chapter 64 of the code of criminal procedure. *Whitaker v. State*, 160 S.W.3d 5, 8 (Tex. Crim. App.), *cert. denied*, 543 U.S. 864 (2004); *Rivera*, 89 S.W.3d at 59.

Article 64.01 of the Texas Code of Criminal Procedure provides that a convicted person may request forensic DNA testing of evidence containing biological material. Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2009); *Routier v. State*, 273 S.W.3d 241, 245 (Tex. Crim. App. 2008). The motion must be accompanied by an affidavit, sworn to by the convicted person, containing statements of fact in support of the motion. Tex. Code Crim. Proc. Ann. art. 64.01(a). To be entitled to testing of biological material that has been previously tested, the movant must show that the material

> although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test.

Tex. Code Crim. Proc. Ann. art. 64.01(b)(2); *Routier*, 273 S.W.3d at 246.

The trial court found that Marks did not meet the Chapter 64 requirements. The record supports this finding. Marks did not support his motion with an affidavit as required by Article 64.01(a), nor did he affirm that all factual allegations in the motion were true. *Cf. In re Fain*, 83 S.W.3d 885, 889 (Tex. App.—Austin 2002, no pet.) (citing Tex. Civ. Prac. & Rem. Code

3

Ann. §§ 132.001–.003 (Vernon 2005 & Supp. 2009) (providing that inmates may substitute unsworn declarations for statutorily required sworn affidavits)). And, although Marks asked the trial court to appoint Identigene, Inc. to perform DNA testing of the previously tested material, he failed to allege, much less prove, that Identigene, Inc. will utilize "newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test."  Thus, he did not meet the requirements of article 64.01(b)(2). *See Routier*, 273 S.W.3d at 250.  Because Marks failed to comply with the statutory requirements of Chapter 64, we hold that the trial court correctly denied his motion.[2]  Accordingly, we overrule Marks's sole issue and affirm the trial court's denial of his motion for DNA testing.


BILL MEIER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 18, 2010

---

[2] We note that having found that Marks failed to satisfy Chapter 64, the trial court lacked jurisdiction to alternatively allow Marks DNA testing at his own expense.  *See State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002).

4