# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-13-00589-CR

**Roger Eugene Fain, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
## NO. 95-112-K277, HONORABLE DOUG SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1995, a jury found appellant Roger Eugene Fain guilty of murder. *See* Tex. Penal Code § 19.02. After Fain pleaded true to two enhancement allegations, the trial court assessed punishment at imprisonment for life. This Court affirmed Fain's conviction on appeal. *See Fain v. State*, 986 S.W.2d 666 (Tex. App.—Austin 1998, pet. ref'd). In 2001, Fain filed a motion requesting forensic DNA testing of certain evidence collected in connection with the investigation that led to the charges against him. *See* Tex. Code Crim. Proc. arts. 64.01–.05. The trial court denied his motion, and we affirmed the trial court's ruling. *See In re Fain*, 83 S.W.3d 885 (Tex. App.—Austin 2002, no pet.). In 2012, Fain filed a second motion requesting forensic DNA testing. The trial court again denied the motion, and in his sole point of error on appeal, Fain challenges the trial court's ruling. *See* Tex. Code Crim. Proc. art. 64.05. We will affirm the trial court's order denying Fain's motion.

**DISCUSSION**

*Standard of review*

Under Chapter 64 of the Texas Code of Criminal Procedure, "[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material." *Id.* art. 64.01(a-1). A convicting court may order DNA testing only if (1) the evidence still exists in a condition making DNA testing possible and has been maintained subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (2) identity was or is an issue in the case; and (3) the convicted person establishes by a preponderance of the evidence he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.* art. 64.03(a). In reviewing a trial court's rulings under Chapter 64, we give almost total deference to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). We consider de novo all other application-of-law-to-fact questions. *Id.*

*Analysis*

In his sole point of error, Fain asserts that the trial court erred in denying his motion because, according to Fain, he has satisfied all the statutory requirements for post-conviction DNA testing. In response, the State argues that this Court already settled the relevant legal issues when it affirmed the trial court's order denying Fain's first motion and that the "law of the case" doctrine prevents us from reconsidering our decision. *See State v. Swearingen*, 424 S.W.3d 32, 36 (Tex.

2

Crim. App. 2014) (explaining that, under the "law of the case" doctrine, "an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue," and "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution"). The State also argues that Fain has not met the statutory requirements under Chapter 64.

We affirmed the denial of Fain's previous motion for two reasons. First, at the time, Chapter 64 provided that a convicted person could request DNA testing of evidence that "was not previously subjected to DNA testing . . . through no fault of the convicted person." Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2011) (current version at Tex. Code Crim. Proc. art. 64.01(b)). The trial court had made findings, supported by the record, that Fain bore responsibility for the failure to conduct DNA tests on the evidence he was moving to have tested. *In re Fain*, 83 S.W.3d at 888–89. Because Fain was at fault, he failed to satisfy the statutory requirements for testing.

Second, we concluded that the trial court correctly determined that Fain did not meet his burden of establishing by a preponderance of the evidence "that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." *Id.* at 889 (citing Tex. Code Crim. Proc. art. 64.03(a)(2)(A)). We explained our conclusion as follows:

> Fain's motion for testing did not contain any factual allegations that, if true, would demonstrate a reasonable probability that additional DNA testing would prove exculpatory. Further, the victim's body was in a field for over a month before it was discovered and her car, which was found parked nearby, had been burglarized. Under the circumstances, the presence of biological material on or near the victim's

3

body or in her car that could not be matched to Fain by DNA testing was not exculpatory. In fact, the jury at Fain's trial was told that DNA tests did not connect him to the murder. The jury nevertheless convicted Fain on the basis of a web of circumstantial evidence so strong that he did not contest the sufficiency of the evidence on appeal.

*Id.* (footnote and citation omitted).

In 2011, the legislature amended article 64.01(b), removing the phrase, "through no fault of the convicted person." Act of May 20, 2011, 82d Leg., R.S., ch. 366, § 1, 2011 Tex. Gen. Laws 1016, 1016. However, even assuming without deciding that the 2011 amendment undermines the first basis for our previous decision, the amendments to Chapter 64 do not affect our second reason for affirming the denial of Fain's first motion: Fain did not establish by a preponderance of the evidence that exculpatory DNA evidence would have prevented his conviction.[1] Therefore, we agree with the State that this Court has already ruled on an identical dispositive legal issue in this case. As in his first motion, Fain is now requesting to have tested "biological material on or near the victim's body or in her car." *In re Fain*, 83 S.W.3d at 889. Because Fain has not shown that any intervening factual or legal developments would call our previous decision into question, we will not revisit our conclusion that Fain failed to meet the statutory requirements for forensic DNA testing. *See Swearingen*, 424 S.W.3d at 36. Accordingly, we overrule Fain's sole point of error.

---

[1] At the time, Chapter 64 provided that a court could order DNA testing only if "the convicted person establishes by a preponderance of the evidence that . . . a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. art. 64.03(a)(2)(A)). The current version now reads, "the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." Tex. Code Crim. Proc. art. 64.03(a)(2)(A). This amendment does not affect our analysis.

**CONCLUSION**

Having overruled Fain's sole point of error, we affirm the trial court's order denying his motion requesting forensic DNA testing.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin and Field

Affirmed

Filed:   May 7, 2015

Do Not Publish