**615-15**

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

ORIGINAL

THE STATE OF TEXAS      §
   APPELLANT      §
     §
V.      §    NO.⊕ _____
     §
ROGER EUGENE FAIN      §
   APPELLEE      §

    APPELLEE'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS IN CAUSE NO. 03-13-00589-CR -CR
REVERSING THE DECISION TO DENY APPELLEE POST-CONVICTION FORENSIC DNA TESTING
IN CAUSE NUMBER 95-112-K277 IN THE 277TH JUDICIAL DISTRICT COURT OF WILLIAMSON
COUNTY, TEXAS; THE HONORABLE DOUG SHAVER, VISITING JUDGE.

§§§§

APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

§§§§

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

Prepared By:

Roger Eugene Fain
TDCJ-CID #700474
Petitioner/Appellee
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas 78102

FILED IN
COURT OF CRIMINAL APPEALS

MAY 22 2015

Abel Acosta, Clerk

TABLE OF CONTENTS

ITEMS                                                              PAGES

Table of Contents                                                    i

Identity of Judges, Parties and Counsels.                         ii-iii

Index of Authorities                                                iv

Petition For Discretionary Review                                    1

Statement Regarding Oral Arguments                                   1

Statement of Procedural History                                    1-2

Questions For Review                                                 2

Grounds For Relief                                                   2

    Ground For Relief No. 1
    "DID THE COURT OF APPEALS ERR BY NOT RENDERING ITS DECISION IN
    ACCORDANCE WITH THE SEPTEMBER 1ST 2011, AMENDMENTS TO THE CODE
    OF CRIMINAL PROCEDURE, ART. 64.01?"

    Ground For Relief No. 2
    "DID THE COURT OF APPEALS ERR IN RENDERING ITS DECISION UTILIZING
    THE INCORRECT STANDARD OF REVIEW?"

    Ground For Relief No. 3
    "DID THE COURT OF APPEALS PROPERLY DETERMINE THAT THERE EXISTS A
    REASONABLE PROBABILITY THAT EXCULPATORY DNA TESTING OF THE EVIDENCE
    FOR WHICH FAIN SEEKS TESTING WOULD PROVE "ACTUAL INNOCENCE"?

    Ground For Relief No. 4
    "DID THE COURT OF APPEALS ERR BY RENDERING AND BASING THEIR
    DECISIONS ON ISSUES NOT PRESENTED FOR REVIEW AND/OR OUTSIDE OF
    THE RECORD, TO WIT:  MAKING REFERENCE TO THE FIELD WHERE THE
    VICTIM'S REMAINS WERE DISCOVERED?"

Argument & Authority

    Argument & Authorities - Ground For Relief No. 1                3-4

    Argument & Authorities - Ground For Relief No. 2                4-5

    Argument & Authorities - Ground For Relief No. 3          5-6-7-8-9

    Argument & Authorities - Ground For Relief No. 4               9-10

Prayer                                                              10

Certificate Of Mailing                                             10

Verification                                                        11

Appendix: MEMORANDUM OPINION, of the Court of Appeals, Third District
       of Texas, Austin, Cause No. 03-13-00589-CR, Delivered Mat 7th 2015   12

       ROCHE BIOMEDICAL LABORTORIES, Certificate of Analysis
       Delivered on January 20th 1995                                      12

i

## IDENTITY OF JUDGES, PARTIES AND COUNSELS

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), a complete list of names of all interested parties follows:

Trial Court Judge:  Hon. John R. Carter, Presiding Judge, 277th Judicial District Court of Williamson County, Texas

DNA Prceedings Judge: Hon. Doug Shaver, 277th Judicial District Court, Williamson County, Texas

Parties to the Judgement: Appellant, The State of Texas, and Appellee Roger Eugene Fain

Appellee's counsel at trial: Hon. Mike Davis
                            1717 North IH 35
                            Round Rock, Texas78664-2901

Counsels for the State at trial:
     Hon. Ken Anderson, former District Attorney Williamson County, Texas
     Hon. Michael Jergins, Assistant District Attorney, Williamson County, Texas
     Hon. Jana McCown, former Assist.DA Williamson County, Texas

Appellee's counsel on direct appeal:
     Hon. David Schulman, Austin, Texas

Counsel for the State on direct appeal;
     Hon. John Bradley, former Assist. DA Williamson County, Texas

Counsel for Appellee on original DNA appeal:
     Hon. Russell D. Hunt, Jr.
     707 Rock Street
     Georgetown, Texas   78626-5718

Appellee was ProSe on original direct appeal

Counsel for Appelle on subsequent DNA Motion:
     Hon. Keith Lauerman(trial court hearing)
     107 N. Lampasas Str.
     Round Rock, Texas   78664

Counsel for Appellee on subsequent DNA direct appeal:
     Hon. M.Ariel Payan
     1012 Rion Grande
     Austin, Texas   78701

Counsel for the State on original DNA Hearing;
     Jana McCown, former Assist.DA Williamson County, Texas

Counsels for the State on subsequent DNA Hearing:
    Hon. Jana Duty-Hunsicker, District Attorney for Williamson County, Texas
    Hon. Deni S. Garcia, Assist.DA for Williamson County, Texas

INDEX OF AUTHORITIES

ITEM                                                                    PAGE

CASES

Ex Parte Kutzner, 75 S.W.3d 427(Tex.Crim.App. 2002)                       5

Ex Parte Suhre, 185 S.W.3d 898(Tex.Crim.App.2006)                         2

Fain v. State, 986 S.W.2d 666(Tex.App. Austin 1998)                       1

Fain v. State, 2014 WL 6840282(Tex.App. Ft. Worth 2014)                   4

In re Fain, 83 S.W.3d 885(Tex.App. Austin 2002)                        2-6-9

In re Morton, 326 S.W.3d 634(Tex.App. Austin 2010)                     7-10

Leal v. State, 303 S.W.3d 292(Tex.Crim.App. 2009)                         5

Smith v. State, 165 S.W.3d 361(Tex.Crim.App. 2005)                        5

STATUTES

TEXAS RULES OF APPELLATE PROCEDURE §68.01                                 1

CIVIL PRACTICE & REMEDIES CODE §132.001                                  11

ARTICLE 64.01                                                       2-3-4-5

ARTICLE 64.02                                                             8

Article 64.035                                                            7

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS<br>APPELLANT | §<br>§<br>§ | |
| V. | §<br>§ | NO._____ |
| ROGER EUGENE FAIN<br>APPELLEE | §<br>§ | |

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Roger Eugene Fain,("Fain"), Appellee/Petitioner in the above styled and numbered cause, and pursuant to Tex.R.App.Proc. 68.01, et.seq., and for cause shown Petitions this Honorable Court to grant a review of the opinion of the Court of Appeals, Third District of Texas, Austin, in Cause No. 03-13-00589-CR. In support of this Petition, Fain will present unto this Honorable Court the following:

### STATEMENT REGARDING ORAL ARGUMENTS

Fain requests that oral arguments be granted due to this case involving important questions of State Law to be decided, but due to Fain's present situation, Fain regrettably waives oral arguments in this matter.

### STATEMENT OF PROCEDURAL HISTORY

Fain was arrested, indicted and tried for the murder of Sandra Dumont and was convicted on March 31st 1995, and was sentenced to life imprisonment by Judge John R. Carter, Presiding Judge of the 277th Judicial District Court of Williamson County, Texas. Fain appealled, and the judgment and sentence were ultimately affirmed, FAIN V. STATE, 986 S.W.2d 666(Tex.App.-Austin 1998, pet. ref'd).

On August 21st 2001, Fain filed with the trial court a Motion For Release

- 1 -

Of Evidence For DNA Testing, on November 29th & 30th of 2001 the trial court heard arguments pertaining to the Motion, and the Motion was denied, and the court issued it's Findings of Fact and Conclusions of Law.

Fain filed a timely Notice of Appeal, and presented the Court of Appeals Third District of Texas with his Direct Appeal on the denial of the Motion for Testing. The Court denied Fain's Appeal, affirmed the District Court's order, In re Roger Eugene Fain, 83 S.W.3d 885(Tex.App.-Austion 2002).

On May 9th 2012, Fain filed a subsequent request for DNA Testing, this Motion was based upon the Legislative Amendment to the CCP Chapter 64, including the Acts of 2011, 82nd Leg., ch.278 & 366, having abrogated the "No Fault" requirement of Art.64.01, which required Fain to demonstrate that it was not through any fault of his own that biological material collected in this case was not previously subjected to forensic DNA testing.

As of September 1st 2011, Art.64.01 does not contain any such "No Fault" provision, SKINNER V. SWITZER, 2011 U.S.Dist. LX 1320024(N.D.Tex.2011). As Chapter 64 does not prohibit a second and/or successive motion for DNA Testing EX PARTE SUHRE, 185 S.W.3d 898,899(Tex.Crim.App.2006).

## QUESTIONS FOR REVIEW

1.      DID THE COURT OF APPEALS ERR BY NOT RENDERING ITS DECISION IN
        ACCORDANCE WITH THE SEPTEMBER 1ST 2011, AMENDMENTS TO THE CODE
        OF CRIMINAL PROCEDURE, ART.64.01?

2.      DID THE COURT OF APPEALS ERR IN RENDERING ITS DECISION UTILIZING
        THE INCORRECT STANDARD OF REVIEW?

3.      DID THE COURT OF APPEALS PROPERLY DETERMINE THAT THERE EXISTS A
        REASONABLE PROBABILITY THAT EXCULATORY DNA TESTING OF THE EVIDENCE
        FOR WHICH FAIN SEEKS TESTING WOULD PROVE "ACTUAL INNOCENCE"?

4.      DID THE COURT OF APPEALS ERR BY RENDERING AND BASING THEIR DECISIONS
        ON ISSUES NOT PRESENTED FOR REVIEW AND/OR OUTSIDE OF THE RECORD,
        TO WIT: MAKING REFERENCE TO THE FIELD WHERE THE VICTIM'S REMAINS
        WERE DISCOVERED?

## ARGUMENT & AUTHORITY

### GROUND FOR RELIEF NO. 1

DID THE COURT OF APPEALS ERR BY NOT RENDERING ITS DECISION IN ACCORDANCE WITH THE SEPTEMBER 1st 2011, AMENDMENTS TO THE CODE OF CRIMINAL PROCEDURE, ART. 64.01?

Fain asserts the answer is "Yes" and in doing so, the Court of Appeals decision conflicted with the change in the Legislative Act of September 1st 2011, when the **"No Fault"** provision was removed.

The Court of Appeals states that Fain bore the responsibility for the failure to previously request to have DNA tests conducted on the evidence he is now requesting testing on.

Fain strongly disputes this claim based on what a "Defendant" is allowed to contribute to his own defense prior to, during, and after his trial. Fain believes that their is only four (4) things that a "Defendant" is allowed total control over concerning his defense, and they are: **1) HIS PLEA; 2) TO HAVE HIS TRIAL BY JUDGE OR JURY; 3) TO TESTIFY IN HIS DEFENSE; 4) TO APPEAL THE CONVICTION IF NECESSARY.**

Outside of these Four (4) things, the sole person responsible for the trial strategy is the "Defendants" counsel, no matter what counsel claims or wishes others to believe, the trial counsel is responsible for the defense of his client, it is his knowledge, and understanding of the forum in which he is supposedly familar with to defend the client, if then this isn't the case then the "Defendant's/Clients) would be running the show.

Fain would like to ask a question of this Court, "How can a defendant, during his trial, stop the proceedings, once he understands the importance of a piece of evidence elicited during testimony, and request that the Court stop the proceedings while this piece of evidence is tested??" Does not happen, it is the sole responsiblity of the defense counsel to understand the import- ance of the evidence, and it his his decision, not the defendants to request

- 3 -

any further testing on the item inquestion.

In the instant case Fain's counsel did speak to him about DNA testing of items that **were available "prior" to trial**, these items are the Sixteen (16) that were tested at the Roche Lab,(See attached exhibit). Fain was not made aware of any other material prior to or before trial.

Therefore, a convicted person could be granted post-conviction forensic DNA testing by merely showing that the biological material in question **had not** been previously tested, Art.64.01(b)(1).

In their Memorandun Opinion, the Court of Appeals panel recognized the 2011 change in Art.64.01(b)(1)(B), however, their position is that the 2011 Amendment **did not** apply due to the fact that the Court had already heard the issues presented,(Memorandum Opinion pg.3). Fain asserts that by failing to properly apply the Amended version of Art.64.01, the Court of Appeals have departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court of Criminal Appeals' power of supervision, and thus, this Petition should be granted.

In FAIN V. STATE, 2014 WL 6840282(Tex.App.-Ft. Worth 2014)(pet.denied April 15th 2015), counsel for the State asked that this Court of Criminal Appeals establish a standard for subsequent requests for post-conviction forensic DNA testing, it would seem the the Court of Criminal Appeals decision to deny the States PDR in based on the fact when the Law changes, subsequent Motions become necessary, since there is no restriction against a person to argue "Actual Innocence". Law of Case Doctrine does not apply when the Law has changed, or "actual innocence" is brought forth for review.

### GROUND FOR RELIEF NO. 2

DID THE COURT OF APPEALS ERR IN RENDERING ITS DECISION UTILIZING THE INCORRECT STANDARD OF REVIEW?

Fain asserts that the answer is "Yes" and in doing so, the Court of

Appeals' decision conflicts with the decisionof the Court of Criminal Appeals on the same issue, and, have so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court's supervision.

The application of the September 1st 2011 Amendments to Art.64.01, notwith standing, the "reasonable probability" standard of Art.64.01(a)(2)(A) had been abolished prior to the filing of Fain's DNA Motion and thus should not have been applied to the review by the Court of Appeals.

Furthermore, this Court of Criminal Appeals has ruled that the 2003 Legislative Amendments to Chapter 64 clarifed that the standard of proof with regard to getting a DNA test is the "preponderance of the evidence." By taking the "reasonable probability" language out of the CCP Chapter 64, the intent was to clarify that Applicant's **did not** have to meet two burdens. Overruling the reasoning in EX PARTE KUTZNER, 75 S.W.3d 427,439(Tex.Crim.App.2002) the Legislaure made clear it **did not** intent the Applicant's to have to prove actual innocence, (a principle of habeas Law) in order to meet the burden to have DNA testing accomplished.

Instead, the Applicant's must show that, had the results of the DNA test- ing been available, there is at least a 51% chance the Applicant would not have been convicted. LEAL V. STATE, 303 S.W.3d 292(Tex.Crim.App.2009); SMITH V. STATE, 165 S.W.3d 361,363-64(Tex.Crim.App.2005).

In affirming the trial court's decision to deny Fain's DNA Motion, the Court of Appeals has erroneously adopted the "reasonable probability" and "actual innocenë standard" for Fain's Motion, and in doing so, conflicts with the decision of this Court of Criminal Appeals on the same issue, and, have so far departed from the accepted and usual course of judicial proceedings.

GROUND FOR RELIEF NO. 3

DID THE COURT OF APPEALS PROPERLY DETERMINE THAT THERE EXISTS A REASONABLE PROBABILITY THAT EXCULATORY DNA TESTING OF THE EVIDENCE

_ 5 _

FOR WHICH FAIN SEEKS TESTING WOULD PROVE "ACTUAL INNOCENCE"?

Fain asserts the answer is "No" and because of this fact Fain believes that the Court of Appeals has become bias in it's treatment of Fain's request for DNA Testing.

The Court of Appeals has always, automatically adopted the trial court's opinion that the biological material in it's possession would not connect Fain to the crime scene, thus it isn't necessary to test it. Furthermore, the State has continually stated that the crime scene, an open field wouldn't provide any exculpatory material, the Court of Appeals in their Opinion in 2002 stated;

> "FURTHER, THE VICTIM'S BODY WAS IN A FIELD FOR OVER A MONTH BEFORE IT
> WAS DISCOVERED AND HER CAR, WHICH WAS FOUND PARKED NEARBY, HAD BEEN
> BURGLARIZED. UNDER THE CIRCUMSTANCES, THE PRESENCE OF BIOLOGICAL
> MATERIAL ON OR NEAR THE VICTIM'S BODY OR IN HER CAR THAT COULD NOT BE
> MATCHED TO FAIN BY DNA TESTING WAS NOT EXCULPATORY." Inre FAIN @889

In the instant case, the Court of Appeals quoted the same finding of the original opinion,(Memorandum Opinion pg.3-4). Yet it's the State's counsel who stated that;

> "...TESTING THE EVIDENCE WOULDN"T SHOW ANYTHING. IT WOULDN'T SHOW THE
> THE IDENTITY OF THE ACTUAL MURDERER, AND THAT' BECAUSE THE CRIME SCENE
> IS SO CORRUPTED, TWO AND A HALF WEEKS AFTER HER BODY WAS DISCOVERED."

At no time during the August 13th 2013 hearing did the State produce, or offer any witness testimony to the alleged "corruption" of the crime scene, at no time has either Court of Appeals opinion offered any basis for their claim that an open field would "corrupt" all other DNA material other than Fain's, Inre FAIN, @889; 2015 Opinion pgs.3-4.

Fain contents this, DNA testing does not prove actual innocence, all DNA testing does is either show the material belongs to a person or doesn't belong to a person.

State counsel wishes the Court(s) to believe that Fain's request is un-reasonable, that he hasn't present adequate argument to have testing on items

- 6 -

he wishes to have tested. In the August 2_2nd_ 2013 hearing,(CR.Vol.1 pg.10) the State stated that; "HE'S NOT SEEKING RETESTING BECAUSE OF NEW TECHNOLOGY..." Fain isn't seeking retesting of any biological testing, he is seeking testing on items that were not tested prior to trial. State counsel states on record, "IN FACT. AT THE TIME OF TRIAL, THE STATE TESTED ANYTHING AND EVERYTHING POSSIBLE THAT WOULD -- COULD SHOW THAT THE DEFENDANT_PETITIONER DID IT."(CR.Vol.1 pg.8)

Well if this is indeed the case, then the 16 items from the Roche Lab were the only biological evidence admitted to trial, so the question here is, "Did the State violate Brady? or did defense counsel fail to get all of the discovery from the State."?

State counsel, the two opinions of the Court of Appeals all state that the testing of the material Fain wishes to test would not be exculpatory to him, it would not produce the "actual murderer" and Fain agrees, BUT if the State were ordered to "UP LOAD THE MATERIAL, WHICH THEY CLAIM IS OVER A HUNDRED ITEMS INTO THE CODIS SYSTEMS, THEN THE ACTUAL MURDERER JUST MIGHT BE CAUGHT." Art.64.035.

The State counsel has stated on record that the State has tested over a hundred items, yet has failed to up load these findings into the Federal and State CODIS systems. This same District Attorney's Office, different administration, same attitude denied Michael Morton,(In re Morton, 326 S.W.3d 634, Tex.App.-Austin2010) for Six years bascially stating the same party line as is the present adminstration.

Michael Morton finally got the Court of Appeals for the Third District of Texas to "Order" Williamson County to test the bloody bandana that had what appeared to be blood, once the bandana was tested, it confirmed that some of the blood was that of Morton's wife, Christine, and of an "unidentified donor" it wasn't until the results of the testing was up loaded into the CODIS systems that the name of Christines killer became apparent, and subsequently he was

- 7 -

tried and convicted for the murder of Christine Morton.

The State, as well as the Court of Appeals can continue to state unsupported speculation that if the DNA material in the States possession would not be exculpating to Fain, without the benefit of fully testing and uploading the evidence results into CODIS.

It is clear from the record in Fain's case and during the hearing of August 22nd 2013, that the District Court order a hearing to be held, yet from what the record indicates the State totally disregarded Art.64.02; Notice To State; Response, when 64.02 is ordered, the State must follow the Article, in this case it didn't happen, 64.02(a)(1)(2)(A)(B).

The Williamson County District Attorney's Office to insure that Fain had a "Fair & Impartial" hearing in front of a visiting Judge, the State offered to Fain's counsel four pages of what counsel called inventory, very general, boxes containing items that the Round Rock police department had in storage, what is ironic with this is a good portion of the inventory list released to counsel and which he presented to the Court without objection is evidence from a unadjudicated offense.  Not only is the evidence tainted, there might be a major "Chain of Custody" issue in the way it was handled and stored over the years.

It is clear that the Williamson County Dirstict Attorney's Office isn't concerned with maintaining the proper protocol required by Article 64 of the Texas Code of Criminal Procedure, it is a bit clearer to why the State is so sure that probative results would not be had if the items in the State's possession were tested.

Furthermore, it is also very obvious that the Williamson County District Attorney's Office does not wish to clear the Darlene Anderson case of June 1994 since a good deal of the "tested items" they claim to have obviously comes from that crime and crime scene, and since Fain has always been their Number One

- 8 -

suspect, to offer up for uploading into CODIS could actually "solve" the murder of Darlene Anderson and thus would dispute the State's theory that Fain was responsible for both murders. "IF" that is actually the case, then the Williamson County District Attorney's Office is guilty of obstruction of justice.

GROUND FOR RELIEF NO. 4

DID THE COURT OF APPEALS ERR BY RENDERING AND BASING THEIR DECISIONs ON ISSUES NOT PRESENTED FOR REVIEW AND/OR OUTSIDE OF THE RECORD, TO: WIT: MAKING REFERENCE TO THE FIELD WHERE THE VICTIM'S REMAINS WERE DISCOVERED?

Fain asserts the answer is "Yes" and in doing so the Court of Appeals in both of their Opinions,(In re Fain @889; and Memorandum Opinion pgs.3-4). There has not been any testimony, evidence presented, expert testimony or anything else that the Court of Appeals could base their collective denials on based on the field. The State's counsel stated that the field was "corrupt" but by this statement they are and have fabricated a record to support their allegations and theories that no DNA material "outside" of Fain's own would be exculpatory and would not prove Fain innocent.

As has been shown above, Fain does not have to show innocence with the requested DNA findings, but instead show that there was at least a 51% chance of a different finding by the jury had the information from testing and uploading of the present material been shown to a jury in the present sense.

Fain is sentenced to a life in prison for a crime that he did not commit while the technology exists, if not to exonerate him outright, to at least provide the 51% doubt threshold. But he is denied that opportunity, what greater harm could one suffer??

Furthermore, the imprisonment of an innocent person does not begin to account for the harm society suffers as a killer remains free. In that view, CCP Chapter 64 now provides that DNA findings may be compared to know samples in

- 9 -

both the FBI and DPS databases seeking a match, therefore, not only does the additional DNA testing Fain requests hold the possibility of freeing an innocent person, but also has the potential of identifying the actual killer as has been recently shown to be a viable possibility as in the much - publicized Morton case from Williamson County.

PRAYER

Fain now prays that this Honorable Court of Criminal Appeals will, for cause that has been shown, grant this Petition, and thereby grant a review of the opinion of the Court of Appeals, Third District of Texas, Austin, in Cause No. 03-13-00589-CR.

Executed on this, the 18th day of May, 2015.

Respectfully Submitted,

Roger Eugene Fain, TDCJ-CID #700474
Appellee Pro Se
William G. McConnell Unit
3001 South Emily Drive
Beeville, Texas  78102

CERTIFICATE OF MAILING

I, Roger Eugene Fain, Appellee, certify that on this, May 18th 2015, a true and correct copy of the above and foregoing "Petition For Discretionary Review" was deposited into the mail receptacle provided TDCJ-CID McConnell Unit mail officials.

Executed on this, the 18th day of May, 2015.

Roger Eugene Fain

- 10 -

## VERIFICATION

Per V.T.C.A., Civil Practice & Remedies Code §132.001, I, Roger Eugene Fain, TDCJ-CID #700474, being incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division at the William G. McConnell Unit, 3001 South Emily Drive, Bee County, Beeville, Texas, declare under penalty of perjury that the above and foregoing statments are True and Correct to the best of my knowledge.

Executed on this, the 18th day of May, 2015.

_Roger Eugene Fain_
Roger Eugene Fain

APPENDIX


<u>MEMORANDUM OPINION</u>

OF THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AT AUSTIN
CAUSE NO. 03-13-00589-CR
DELIVERED ON MAY 7TH 2015


<u>ROCHE BIOMEDICAL LABORATORIES</u>
CERTIFICATE OF ANALYSIS
DELIVERED ON JANUARY 20TH 1995

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00589-CR

**Roger Eugene Fain, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 95-112-K277, HONORABLE DOUG SHAVER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1995, a jury found appellant Roger Eugene Fain guilty of murder. *See* Tex. Penal Code § 19.02. After Fain pleaded true to two enhancement allegations, the trial court assessed punishment at imprisonment for life. This Court affirmed Fain's conviction on appeal. *See Fain v. State*, 986 S.W.2d 666 (Tex. App.—Austin 1998, pet. ref'd). In 2001, Fain filed a motion requesting forensic DNA testing of certain evidence collected in connection with the investigation that led to the charges against him. *See* Tex. Code Crim. Proc. arts. 64.01–.05. The trial court denied his motion, and we affirmed the trial court's ruling. *See In re Fain*, 83 S.W.3d 885 (Tex. App.—Austin 2002, no pet.). In 2012, Fain filed a second motion requesting forensic DNA testing. The trial court again denied the motion, and in his sole point of error on appeal, Fain challenges the trial court's ruling. *See* Tex. Code Crim. Proc. art. 64.05. We will affirm the trial court's order denying Fain's motion.

**DISCUSSION**

*Standard of review*

Under Chapter 64 of the Texas Code of Criminal Procedure, "[a] convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material." *Id.* art. 64.01(a-1). A convicting court may order DNA testing only if (1) the evidence still exists in a condition making DNA testing possible and has been maintained subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; (2) identity was or is an issue in the case; and (3) the convicted person establishes by a preponderance of the evidence he would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.* art. 64.03(a). In reviewing a trial court's rulings under Chapter 64, we give almost total deference to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011). We consider de novo all other application-of-law-to-fact questions. *Id.*

*Analysis*

In his sole point of error, Fain asserts that the trial court erred in denying his motion because, according to Fain, he has satisfied all the statutory requirements for post-conviction DNA testing. In response, the State argues that this Court already settled the relevant legal issues when it affirmed the trial court's order denying Fain's first motion and that the "law of the case" doctrine prevents us from reconsidering our decision. *See State v. Swearingen*, 424 S.W.3d 32, 36 (Tex.

2

Crim. App. 2014) (explaining that, under the "law of the case" doctrine, "an appellate court's resolution of questions of law in a previous appeal are binding in subsequent appeals concerning the same issue," and "when the facts and legal issues are virtually identical, they should be controlled by an appellate court's previous resolution"). The State also argues that Fain has not met the statutory requirements under Chapter 64.

We affirmed the denial of Fain's previous motion for two reasons. First, at the time, Chapter 64 provided that a convicted person could request DNA testing of evidence that "was not previously subjected to DNA testing . . . through no fault of the convicted person." Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2011) (current version at Tex. Code Crim. Proc. art. 64.01(b)). The trial court had made findings, supported by the record, that Fain bore responsibility for the failure to conduct DNA tests on the evidence he was moving to have tested. *In re Fain*, 83 S.W.3d at 888–89. Because Fain was at fault, he failed to satisfy the statutory requirements for testing.

Second, we concluded that the trial court correctly determined that Fain did not meet his burden of establishing by a preponderance of the evidence "that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." *Id.* at 889 (citing Tex. Code Crim. Proc. art. 64.03(a)(2)(A)). We explained our conclusion as follows:

> Fain's motion for testing did not contain any factual allegations that, if true, would demonstrate a reasonable probability that additional DNA testing would prove exculpatory. Further, the victim's body was in a field for over a month before it was discovered and her car, which was found parked nearby, had been burglarized. Under the circumstances, the presence of biological material on or near the victim's

3

body or in her car that could not be matched to Fain by DNA testing was not exculpatory. In fact, the jury at Fain's trial was told that DNA tests did not connect him to the murder. The jury nevertheless convicted Fain on the basis of a web of circumstantial evidence so strong that he did not contest the sufficiency of the evidence on appeal.

*Id.* (footnote and citation omitted).

In 2011, the legislature amended article 64.01(b), removing the phrase, "through no fault of the convicted person." Act of May 20, 2011, 82d Leg., R.S., ch. 366, § 1, 2011 Tex. Gen. Laws 1016, 1016. However, even assuming without deciding that the 2011 amendment undermines the first basis for our previous decision, the amendments to Chapter 64 do not affect our second reason for affirming the denial of Fain's first motion: Fain did not establish by a preponderance of the evidence that exculpatory DNA evidence would have prevented his conviction.[1] Therefore, we agree with the State that this Court has already ruled on an identical dispositive legal issue in this case. As in his first motion, Fain is now requesting to have tested "biological material on or near the victim's body or in her car." *In re Fain*, 83 S.W.3d at 889. Because Fain has not shown that any intervening factual or legal developments would call our previous decision into question, we will not revisit our conclusion that Fain failed to meet the statutory requirements for forensic DNA testing. *See Swearingen*, 424 S.W.3d at 36. Accordingly, we overrule Fain's sole point of error.

---

[1] At the time, Chapter 64 provided that a court could order DNA testing only if "the convicted person establishes by a preponderance of the evidence that . . . a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. art. 64.03(a)(2)(A)). The current version now reads, "the convicted person establishes by a preponderance of the evidence that . . . the person would not have been convicted if exculpatory results had been obtained through DNA testing." Tex. Code Crim. Proc. art. 64.03(a)(2)(A). This amendment does not affect our analysis.

4

## CONCLUSION

Having overruled Fain's sole point of error, we affirm the trial court's order denying his motion requesting forensic DNA testing.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin and Field

Affirmed

Filed:   May 7, 2015

Do Not Publish



# Roche Biomedical Laboratories

A Member of the Roche Group

Roche Biomedical Laboratories, Inc.
1912 Alexander Drive
Research Triangle Park, North Carolina 27709

Telephone: 919 361-7700
Fax: 919 361-7797

## CERTIFICATE OF ANALYSIS

### January 20, 1995

District Attorney
Justice Center - Courts Building
405 South MLK - #1
Georgetown, TX 76626
ATTN: Mr. Ken Anderson

Agency #:    L-234329, 94-631-K277

Victim(s):    Dumont, Sandra          FS Lab #:    F9400216
Suspect(s):   Fain, Roger

Evidence Submitted: via Federal Express          Date Received: 9/22/94
                    (#0197971546)

Item 1.    One (1) sample listed as PAP smear slide from Sandra Dumont/L-234329.
Item 2.    Blood samples listed as Roger Fain.
Item 3.    Samples listed as bloodstain from bathrobe with control.
Item 4.    Samples listed as Select cigarette butts/living room ashtray.
Item 5.    Sample listed as bloodstains from shorts, #1.
Item 6.    Sample listed as bloodstains from shorts, #2.
Item 7.    Sample listed as bloodstain from mattress.
Item 8.    Samples listed as Marlboro cigarette butts/crime scene.
Item 9.    Sample listed as Select cigarette butt/crime scene.
Item 10.   Samples listed as Kool cigarette butts/crime scene.
Item 11.   Sample listed as condom.
Item 12.   Sample listed as tampon.
Item 13.   Samples listed as Select cigarette butts/Ford truck.
Item 14.   Sample listed as paper towels/Ford truck passenger seat.
Item 15.   Sample listed as paper towels/Ford truck passenger door.
Item 16.   Samples listed as Select cigarette butts/Toyota Corolla.



F9400216

Results:

Deoxyribonucleic acid (DNA) was processed from the above listed evidence and characterized through the polymerase chain reaction (PCR) at the following genetic systems:

**Alleles Detected**

| Item | Sample | DQ alpha | LDLR | GYPA | HBGG | D7S8 | GC | HUMTHO1 |
|------|--------|----------|------|------|------|------|-----|---------|
| 3 | Bathrobe | 1.1, 1.2 | A, B | A, B | A*, B | A, B | A, B*, C | 7, 9 |
| 13 | #1 Cigarette Butt ("Select") | 1.1, 4 | NA | NA | NA | NA | NA | 6, 10 |
| 4 | Cigarette Butt ("Select") | 1.1, 4 | A, B | A, B | A*, B | A, B | A*, B*, C | 6, 10 |
| 16 | Cigarette Butt ("Select") | 1.1, 1.2 | A, B | A | A, B | A, B | B C | 10, 10 |
| 1 | S. Dumont | 1.1, 1.2 | A, B | A | A, B | A, B | B, C | 10, 10 |
| 2 | R. Fain | 1.1, 4 | A, B | A, B | B | A, B | C | 6, 10 |

NA - No Activity
* - Intensity of alleles designated with a single asterisk are less intense than non designated alleles.

Based upon the results listed above, the DNA profile obtained for the bathrobe (Item 3) is different from the DNA profiles from Sandra Dumont (Item 1) and Roger Fain (Item 2); therefore, both of the individuals are eliminated as possible sources of the genetic material detected in this sample.

The DNA profile obtained for the "Select" cigarette butt listed as being recovered from the Toyota Corolla (Item 16) is consistent with the DNA profile from Sandra Dumont (Item 1); therefore, Sandra Dumont cannot be eliminated as a possible source of the genetic material detected in this sample. The probability of randomly selecting an unrelated individual with a DNA profile consistent to Items 1 and 16, at the genetic systems listed (excluding HUMTHO1), is approximately:

> 1 in 3,002 for Caucasians
> 1 in 6,740 for Blacks
> 1 in 2,565 for Hispanics (Southeastern)
> 1 in 2,559 for Hispanics (Southwestern)

F9400216

The DNA profile obtained for the "Select" cigarette butt listed as being recovered from the living room ashtray (Item 4) is consistent with a mixture of DNA profiles from more than one individual. Roger Fain (Item 2) can not be eliminated as a possible contributor to the mixture of genetic material detected in this sample. Also, the "A" allele detected at the GC genetic system for this sample could not have been contributed by Sandra Dumont. No statistical evaluation can be calculated for this mixed sample.

The DNA profile obtained for the sample listed as "Select" cigarette butt from Ford truck (Item 13) is consistent with the DNA profile obtained from Roger Fain (Item 2) and different from Sandra Dumont; therefore, Roger Fain can not be eliminated as a possible donor of the genetic material in this sample. The probability of randomly selecting an unrelated individual with a DNA profile consistent to Items 2 and 13 at the genetic systems DQ alpha and HUMTHO1 is approximately:

> 1 in 80 for Caucasians
> 1 in 429 for Blacks
> 1 in 143 for Hispanics (Southeastern)
> 1 in 116 for Hispanics (Southwestern)

The results have been reviewed independently by the undersigned and are correct as reported.

Sworn to and subscribed
before me this _____14th_____ day

of ____March____, 19 95

at Research Triangle Park, NC.

Marcia Eisenberg, Ph.D.
Director, Forensic Identity

_____
Notary Public
State of North Carolina
My commission expires _____6/14/98_____